144 October 8, 2025 No. 883

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JULIO FERMIN LOPEZ-CASTRO,
*Defendant-Appellant.*

Marion County Circuit Court
23CR41831; A182730

Sean E. Armstrong, Judge.

Submitted August 20, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant. Julio Fermin Lopez-Castro filed the supplemental brief *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for attempted first-degree assault with a firearm, unlawful use of a weapon with a firearm, and felon in possession of a firearm. On appeal, defendant raises an unpreserved challenge to his conviction for felon in possession of a firearm, arguing that the statute is unconstitutional both facially and as applied to him. Defendant's as-applied challenge is controlled by *State v. Parras*, 326 Or App 246, 531 P3d 711, *rev dismissed as improvidently allowed*, March 4, 2025, in which we concluded that Oregon's felon in possession of a firearm statute, ORS 166.270, was constitutional as applied to the defendant. And given that ORS 166.270 is constitutional as applied to defendant, his unpreserved facial challenge fails as well. *See City of Portland v. Sottile*, 336 Or App 741, 744, 561 P3d 1159 (2024) (to successfully mount a facial challenge, a defendant must show that there is "no set of circumstances" under which the law would be valid (internal citations omitted)).

Defendant has also filed a *pro se* supplemental brief. Defendant does not assign error to any particular rulings, provide citations to where in the record the purported errors appear, and has not developed arguments in support of his claims of error. We therefore are unable to meaningfully address his claims of error. *See* ORAP 5.45 (requiring assignments of error with citations to the record); *see also State v. Montez*, 309 Or 564, 604, 789 P2d 1352 (1990) (declining to address arguments in the absence of "thorough and focused analysis").

Affirmed.